IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-41029
_____

WILLIE MURRAY; ET AL,

                                        Plaintiffs,

WILLIE MURRAY,

                                        Plaintiff-Appellant,

                        versus

TIM WEST; CHARLES R LANGSTON;
SONIE MANGUM; KARL HARRIMAN,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
No. G-94-CV-496
_____

March 29, 1999

Before HIGGINBOTHAM, JONES, AND WIENER, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:[*]

    The appellant, Willie Murray, is one of four asthmatic prisoners who filed a 42 U.S.C. § 1983 complaint against the Texas Department of Criminal Justice (TDCJ) and four individual prison officials, including Building Major Charles Langston.  The district court concluded that all four defendants enjoyed qualified immunity

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and entered judgment against Murray and the other plaintiffs. We affirm.

Murray alleged that Langston acted with deliberate indifference to his health needs by assigning him to work outside, when a medical doctor at the prison had specified that Murray was not to be exposed to environmental pollutants. Langston swore in an affidavit that Murray was placed on a special medical squad where prison officials had access to the limitations specified in workers' medical records and prisoners received surgical face masks to reduce exposure to environmental pollutants. Murray does not disagree. Despite this precaution, however, Murray did have an asthmatic attack, and his doctor ordered that he no longer work outside at all. Murray was initially disciplined for refusing to work, but this was overturned in an administrative appeal on the basis that the work assigned him was inconsistent with his medical restrictions.

The only contested issue of fact is whether Langston discussed the reassignment with Murray's physician before forcing Murray to work outside over his objection. Langston averred that he discussed the reassignments with "medical personnel" who informed him that "inmates with respiratory problems could work outside," as long as an inmate's ability to work outside was evaluated on a case-by-case basis. Murray contends that Langston did not in fact discuss the issue with a doctor, but rather only with defendant prison official Sonie Mangum. This contention is buttressed by the response to a letter he wrote a medical doctor at the prison. The

2

letter asked whether the doctor had cleared him to work outside, and the response indicated that the only evaluation consisted of the work restrictions that the doctor had placed six months before.

Prison officials violate the constitutional proscription against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain.  See Wilson v. Seiter, 501 U.S. 294 (1991).  The facts underlying a claim of deliberate indifference must clearly evince the medical need in question and the alleged official dereliction.  See Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985).  For liability to attach, the official must not only know of facts from which an inference could be drawn that a substantial risk of serious harm exists, but must in fact draw the inference.  See Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Though a genuine question exists whether Langston consulted medical doctors, Murray has offered no evidence that Langston knew a substantial risk of harm existed, and he has thus not shown that this question is material.  A negligent assignment to work that is not cruel and unusual per se is not unconstitutional.  See Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989).  Perhaps Langston was negligent in not consulting a medical doctor about Murray, but there is no evidence other than Murray's conclusory allegation that Langston believed that a substantial risk of harm existed.  Indeed, Langston's adoption of precautions suggests that he at least believed that any risk could be minimized.  Even Murray's pleadings

3

report that Langston indicated that work outside would be attempted on an experimental basis, to determine under controlled conditions whether the surgical mask would provide adequate protection.

Langston is thus entitled to qualified immunity.  A fortiori, so are the other defendants, whose involvement was no greater than Langston's.  Also, we reject Murray's apparently nonsensical argument that the district court and the defendants changed the nature of his claim.  See Brinkmann v. Abner, 813 F.2d 744, 748 (5th Cir. 1987).

AFFIRMED.